IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE 2003 L. AND F. BECKER FAMILY TRUST, *individually and on behalf of all others similarly situated*, | : : : : |
| Plaintiff, | : CIVIL ACTION : |
| v. | : NO.  15-5323 : |
| BOKF, NA d/b/a BANK OF KANSAS CITY | : : : |
| Defendant. | : : |

**MEMORANDUM**

Tucker, C.J.                                                                                        June 13, 2016

Before the Court are Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 3), Plaintiff's Response in Opposition (Doc. 6), Defendant's Reply (Doc. 7), Plaintiff's Supplemental Memorandum (Doc. 15), and Defendant's Reply (Doc. 18).  Upon review of the parties' submissions and for the reasons set forth below, this Court will GRANT the Motion to Dismiss.

I. BACKGROUND

A. Factual Allegations Relating to Plaintiff's Claims

The 2003 L. and F. Becker Family Trust ("Plaintiff") brings this class action on behalf of itself and all other current holders of revenue bonds issued in May 2009 for the benefit of the City of Parsons, Kansas, Multi-Family Revenue Bonds Series A 2009 ("2009 Revenue Bonds"). Defendant BOKF, NA d/b/a Bank of Kansas City ("BOKF") is a bank with its principal place of business in Tulsa, Oklahoma.

1

On May 1, 2009, the City of Parsons, Kansas (the "City") entered into a lease agreement with Eastledge Living, Inc. ("Eastledge") to lease property formerly known as the Parsonian Hotel ("Property"). Years prior, in 2004, J&L Enterprises had purchased the building on the Property and had begun converting it into residential housing ("Project"). Eastledge planned to use proceeds from the Property to pay the 2009 Revenue Bonds and interest semiannually. Also on May 1, 2009, the City entered into an indenture of trust with BOKF, under which BOKF was to act as trustee of the 2009 Revenue Bonds. On June 26, 2009, the 2009 Revenue Bonds were offered to investors pursuant to an offering statement and underwritten by Bergen Capital.

The conversion of the hotel building begun by J&L Enterprises was never completed. On May 30, 2012, BOKF sent a notice to bondholders summarizing the Project's revenue challenges, including unfinished construction, failed heating and cooling systems, and decreased rental income. BOKF sought bondholder consent to obtain a commercial loan with a first mortgage lien position in front of the bondholders for a period of not more than two years. In September 2013, BOKF filed a petition against Eastledge and the City, alleging that Eastledge was in default under its lease and owed an excess of $2 million on the 2009 Revenue Bonds. BOKF concurrently filed an application for appointment of a receiver to take possession and control of the Property, pursuant to which a court appointed O'Brien Property Consultants as receiver in October 2013. On March 13, 2014, BOKF notified bondholders that Eastledge was in default and a real estate brokerage firm had been retained to market the Project. One prospective buyer agreed to purchase the Project for $135,000, which BOKF intended to accept unless bondholders suggested an alternative. The notice directed bondholders to the Electronic Municipal Market Access ("EMMA") website for more information about the status of the Project.

Bondholders did not receive any further communications after BOKF's March 13, 2014 notice.  On July 7, 2015, Plaintiff learned that the Project had been sold to a developer who intended to convert the building into apartments for residents 50 years old and older.  Plaintiff also learned that BOKF had obtained judgment against Eastledge after receiving court approval for the sale in December 2014.  The amount of the judgment, an accounting of the proceeds, and any subsequent dissemination to the bondholders has not been provided.  Plaintiffs bring this action against BOKF in its capacity as trustee, alleging breach of fiduciary duty and negligence.

>    B.    **Factual Allegations Relating to Jurisdiction**

BOKF is a national association organized under the National Bank Act and a citizen of the State of Oklahoma.  BOKF conducts energy and healthcare lending in Pennsylvania, maintains loans secured by property located in Pennsylvania, and receives revenue from customers domiciled in Pennsylvania.  In 2015, BOKF had over $86.8 million in outstanding loans in Pennsylvania.  BOKF acts as trustee for nearly $34.5 million in bond offerings in Pennsylvania, which are secured by property in the state, as well as $13.3 million in variable rate notes.  BOKF also maintains two employees in Pennsylvania, a mortgage division account manager and a security systems manager, and has filed state tax returns with respect to these employees.  BOKF has filed proofs of claim and/or adversary complaints in federal bankruptcy courts in Pennsylvania.  Further, two BOKF affiliates, BOSC, Inc. and BOKF Equipment Finance, Inc., are registered with Pennsylvania's Bureau of Corporations and Charitable Organizations.

BOKF itself is not registered to conduct business in Pennsylvania and does not have an authorized individual or corporation to act as its corporate agent in Pennsylvania.  BOKF also does not maintain any offices, property, bank accounts, mailing addresses, or telephone listings

in the state.  BOKF's role as trustee of the 2009 Revenue Bonds did not involve activity by BOKF in Pennsylvania.  The 2009 Revenue Bond offering closed in Kansas and BOKF carried out its trustee work from its Tulsa, Oklahoma offices.  Further, BOKF did not directly contact Pennsylvania through its bondholder notices.  Rather, it issued notices through EMMA, a central noticing system located in Virginia, and/or the Depository Trust Company ("DTC"), a central noticing system located in Delaware.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction.  "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction."  *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).  If the court does not hold an evidentiary hearing on the issue, a plaintiff "'need only establish a prima facie case of personal jurisdiction.'"  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)).  In considering a Rule 12(b)(2) motion, the court is "required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff."  *Id.* (quoting *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)).  If, as litigation progresses, the alleged facts supporting jurisdiction are disputed, the court may revisit the issue.  *Id.* at 331.

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."  *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987).  The Pennsylvania long-arm statute provides, "[T]he jurisdiction of the tribunals of this Commonwealth shall extend . . . to the fullest extent allowed under the Constitution of the United States[.]"  42 Pa. Cons. Stat. §

5322(b). In ascertaining personal jurisdiction, due process requires an inquiry into whether a defendant has "'certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

### III. DISCUSSION

In its motion to dismiss, BOKF challenges this Court's specific and general personal jurisdiction. The Court will address each challenge in turn.

#### A. Specific Jurisdiction

The Pennsylvania long-arm statute allows an exercise of specific jurisdiction over a person "who acts directly or by an agent . . . [c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." 42 Pa. Cons. Stat. § 5322(a). The statute also authorizes jurisdiction coextensive with the Due Process Clause of the United States Constitution. *See id.* § 5322(b). A court may assert specific jurisdiction over a foreign defendant depending on "'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* The "relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Id.* at 1122 (internal quotation marks omitted) (citing *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

The Court does not find a sufficient basis for an exercise of specific jurisdiction over BOKF. The actions underlying Plaintiff's claims involve BOKF's performance as trustee of the 2009 Revenue Bonds. It is not disputed that BOKF performed these actions from its Tulsa, Oklahoma offices. However, Plaintiff, a Pennsylvania resident, argues that those actions resulted

5

in injury to it in the Commonwealth of Pennsylvania, which establishes specific jurisdiction. It is true that a defendant need not be physically present within the territory of a forum for an exercise of personal jurisdiction to be proper. *Int'l Shoe Co.*, 326 U.S. at 316. But both the Pennsylvania long-arm statute and due process requires that a foreign defendant have "'purposefully directed [its] activities'" at Pennsylvania. *D'Jamoos ex rel. Estate of Weingeroff*, 566 F.3d at 102 (quoting *Burger King Corp.*, 471 U.S. at 472); 42 Pa. Cons. Stat. § 5322(a) ("A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who *acts directly* or by an agent, as to a cause of action . . . [c]ausing harm or tortious injury in this Commonwealth[.]" (emphasis added)).

Here, BOKF did not "purposefully direct" its activities to Pennsylvania. BOKF did not issue, market, underwrite, or sell the 2009 Revenue Bonds. The 2009 Revenue Bonds closing took place in Kansas. At most, BOKF entered into an indenture of trust with the City and the City may have directed its activities to Pennsylvania in selling the bonds. "But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 134 S. Ct. at 1123; *see also Hanson v. Denckla*, 357 U.S. 235, 251–52 (1958) (finding insufficient contacts for a Florida court's exercise of personal jurisdiction over a Delaware trustee when the claim arose from a trust agreement consummated without any connection to Florida and "cannot be said to be one to enforce an obligation that arose from a privilege the defendant exercised in Florida"). Further, BOKF never directed communications to Pennsylvania. Rather, it used central noticing systems such as EMMA, which were not located in Pennsylvania, and bondholders including Plaintiff were to access the EMMA website if they sought information about the Project and the 2009 Revenue Bonds. Because BOKF's conduct as

trustee did not create a substantial connection with Pennsylvania, this Court declines to exercise specific jurisdiction over BOKF.

### B. General Jurisdiction

Courts in Pennsylvania may exercise general personal jurisdiction over a nonresident corporation if one of the following exists: (1) incorporation in Pennsylvania, (2) consent to personal jurisdiction in Pennsylvania, or (3) a continuous and systematic part of its general business is carried out in Pennsylvania. 42 Pa. Cons. Stat. § 5301(a)(2). Similarly, under due process, general jurisdiction over foreign corporate defendants allows a court "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317). For a corporation, the paradigm forum for the exercise of general jurisdiction is where the corporation was incorporated or where it has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). "A corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Goodyear*, 564 U.S. at 927 (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

The Court does not find a sufficient basis for an exercise of general jurisdiction over BOKF. The parties do not dispute that BOKF was not incorporated in Pennsylvania, it has no principal place of business here, and it does not consent to personal jurisdiction here. The issue lies with whether BOKF's affiliations with Pennsylvania render it "essentially at home" in Pennsylvania. *Goodyear*, 564 U.S. at 919. Plaintiff asserts that general jurisdiction is appropriate based on BOKF's "wide array of contacts with Pennsylvania that are continual,

systematic, and central to the conduct of its business." Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss 6, Doc. 6.

Only in exceptional circumstances is a corporation "at home" in a place where it was not incorporated or does not have a principal place of business. *Daimler AG*, 134 S. Ct. at 761 n.19. Plaintiff points to BOKF's admission that BOKF conducts energy and healthcare lending in Pennsylvania, it maintains loans secured by property in Pennsylvania, and it has customers in Pennsylvania. According to Plaintiff, because lending is a central component of BOKF's business, these activities create continuous and systematic contacts with the state. A finding of jurisdiction, however, cannot rest on "'continuous activity of some sorts within a state[.]'" *Goodyear*, 564 U.S. at 927 (quoting *Int'l Shoe Co.*, 326 U.S. at 318). Neither can it rest on the in-state activities' importance to the nonresident defendant. *See Daimler AG,* 134 S. Ct. at 759–60 (rejecting the circuit court's finding that a foreign defendant was subject to personal jurisdiction because its in-state activities, conducted by a subsidiary, were "important" to it). BOKF is an Oklahoma bank with a principal place of business there. It has no offices, property, bank accounts, mailing addresses, or telephone listings in Pennsylvania. Even in the light most favorable to Plaintiff, BOKF's allegedly regular and systematic conduct does not rise to the level of rendering BOKF "at home" here. *See Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 432 (E.D. Pa. 2015) (finding an insufficient basis for general jurisdiction over an Illinois corporation though it employed three Pennsylvania residents, its trucks traveled thousands of miles in Pennsylvania, and it earned millions in revenue from Pennsylvania over the course of four years).

Plaintiff further avers that BOSC, Inc. and BOKF Equipment Finance, Inc., subsidiaries of BOKF's parent company, are registered to do business in Pennsylvania and general

jurisdiction over BOKF should follow.  Even if BOSC, Inc. and BOKF Equipment Finance, Inc. were considered "at home" in Pennsylvania, there is still no basis for an exercise of general jurisdiction on BOKF, a sister subsidiary, which itself has insufficient contacts with Pennsylvania.  *See Daimler AG*, 134 S. Ct. at 760 (declining general jurisdiction over a parent corporation even when a subsidiary is assumed at home in California and the subsidiary's contacts are imputed to the parent corporation).

Plaintiff also argues that, because BOKF has appeared as a creditor in multiple bankruptcy matters in federal courts of this state, general jurisdiction over BOKF is appropriate.  Appearing in, or even filing, lawsuits in this state, however, does not constitute continuous and systematic activity for purposes of establishing general jurisdiction.  *See Merlino v. Harrah's Entertainment, Inc.*, No. 05 CV 6660, 2006 WL 401847, at *3 (E.D. Pa. Feb. 17, 2006) (finding that a defendant who filed nineteen unrelated lawsuits in Pennsylvania state courts cannot, without more, be subject to general or specific jurisdiction in Pennsylvania).  Accordingly, this Court declines to exercise jurisdiction over BOKF.

## IV. CONCLUSION

For the reasons set forth herein, the Court concludes that it has neither specific nor general personal jurisdiction over Defendant BOKF.  Accordingly, BOKF's Motion to Dismiss is GRANTED.